IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
COAL RIVER MOUNTAIN WATCH,
INC., and SIERRA CLUB,

    **Plaintiffs,**

  **v.**          CIVIL ACTION NO. _3:10-cv-0847_

CATENARY COAL COMPANY, LLC,
and HOBET MINING, LLC,

    **Defendants.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR CIVIL PENALTIES

### INTRODUCTION

  1.  This is an action for declaratory judgment and mandatory injunctive relief and for civil penalties against Defendants Catenary Coal Company, LLC ("Catenary") and Hobet Mining, LLC ("Hobet"), for violations of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. (hereinafter "the Clean Water Act" or "the CWA"), and the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201 et seq. (hereinafter "SMCRA").

  2.  As detailed below, Plaintiffs allege that Defendants discharged and continue to discharge selenium—a pollutant designated as toxic by the U.S. Environmental Protection Agency, 40 C.F.R. § 401.15—into waters of the United States in persistent violation of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, and of the conditions and limitations of six West

1

Virginia/National Pollution Discharge Elimination System ("WV/NPDES") Permits issued to

Defendants by the State of West Virginia pursuant to Section 402 of the Clean Water Act.

3.      Plaintiffs further allege that Defendants' discharges of unlawful quantities of

selenium into the waters adjacent to its mine sites violate the performance standards under

SMCRA and the terms and conditions of its surface mining permits.

4.      Prior to commencing this action, Plaintiffs Sierra Club, Ohio Valley

Environmental Coalition, Coal River Mountain Watch, and the West Virginia Highlands

Conservancy sent a notice of intent to sue to Catenary Coal Company, LLC.  All claims against

Catenary Coal Company, LLC are brought by Sierra Club, Ohio Valley Environmental Coalition,

Coal River Mountain Watch, and the West Virginia Highlands Conservancy.

5.      Prior to this action, Plaintiffs Sierra Club, Ohio Valley Environmental Coalition,

and the West Virginia Highlands Conservancy sent a notice of intent to sue to Hobet Mining,

LLC.  All claims against Hobet Mining, LLC, are brought by Sierra Club, Ohio Valley

Environmental Coalition, and the West Virginia Highlands Conservancy.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal

question), 33 U.S.C. § 1365 (Clean Water Act citizens' suit provision), and 30 U.S.C. § 1270

(SMCRA citizens' suit provision).

7.      On April 14, 2010, Plaintiffs gave notice of the violations and its intent to file suit

to the Defendants, the United States Environmental Protection Agency ("EPA"), the Office of

Surface Mining, Reclamation, and Enforcement ("OSMRE"), and the West Virginia Department

of Environmental Protection ("WVDEP"), as required by Section 505(b)(1)(A) of the CWA, 33

U.S.C. § 1365(b)(1)(A), and Section 520(b)(1)(A) of SMCRA, 30 U.S.C. § 1270(b)(1)A).

8.      More than sixty days have passed since notice was served and neither EPA,

OSMRE, nor WVDEP has commenced and diligently prosecuted a civil or criminal action to

require compliance with the Clean Water Act of SMCRA.  Although WVDEP amended its

complaint in the Boone County Circuit Court in a previously filed action against Catenary to

include claims regarding selenium discharges regulated by WV/NPDES Permits WV0096962

and WV1014684 on or about June 11, 2010, that action does not seek to require compliance with

the selenium limits in those permits and, hence, cannot preclude this action.  Rather, it expressly

seeks to delay the requirement that Catenary comply with those limits.  Likewise, although there

is a Modified Settlement and Consent Order entered in Boone County Circuit Court in December

2010 that relates to Hobet's WV/NPDES Permits WV0099392, WV1016776, WV1020889, and

WV1021028, that action does not preclude this action because the Boone County action was not

diligently prosecuted and does not moot this case because there remains a realistic prospect of

future violations.  <u>Ohio Valley Envtl. Coalition Inc., v. Hobe Mining, LLC</u>, ___ F. Supp. 2d ___,

__, 2010 WL 2363896 (S.D. W. Va. June 14, 2010).

9.      Moreover, neither EPA nor WVDEP commenced an administrative penalty action

under Section 309(g) of the CWA, 33 U.S.C. § 1319(g), or comparable state law to redress the

violations prior to the issuance of the April 14, 2010 notice letter.

10.     Venue in this District is proper pursuant to 33 U.S.C. § 1365(c)(1) because the

sources of the Clean Water Act violations are located in this District, and pursuant to 30 U.S.C. §

1270(c) because the coal mining operations complained of are located in this District.

///

3

## PARTIES

11.     Catenary Coal Company, LLC ("Catenary"), is a West Virginia Limited Liability Company doing business in Elksdale, West Virginia.

12.     Hobet Mining, LLC ("Hobet"), is a West Virginia Limited Liability Company doing business in Madison, West Virginia.

13.     Catenary and Hobet are both subsidiaries of Patriot Coal Corporation.

14.     At all relevant times, Catenary owned and operated the Samples Mine Complex in Boone and Kanawha Counties, West Virginia, which is regulated by, among others, Surface Mining Permits S302490, S300495, and S301000, and which discharges pollutants from various outfalls that are subject to the effluent limitations of WV/NPDES Permit WV0096962.

15.     At all relevant times, Catenary owned and operated the Stanley Heritage Surface Mine in Boone and Kanawha Counties, West Virginia, which is regulated by Surface Mining Permit S303593 and which discharges pollutants from various outfalls that are subject to the effluent limitations of WV/NPDES Permit WV1014684.

16.     Hobet and Catenary are persons within the meaning of Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5), and Section 701(19) of SMCRA, 30 U.S.C. § 1291(19).

17.     At all relevant times, Hobet owned and operated the H-21 Surface Mine Operation in Boone County, West Virginia, which is regulated by Surface Mining Permits S003285, S508088, S502689, S502991, and S501692 and which discharges pollutants from various outfalls that are subject to the effluent limitations of WV/NPDES Permit WV0099392.

18.     At all relevant times, Hobet owned and operated the Ancillary Facility in Boone County, West Virginia, which is regulated by Surface Mining Permit O501097 and which

4

discharges pollutants from various outfalls that are subject to the effluent limitations of WV/NPDES Permit WV0099392.

19.     At all relevant times, Hobet owned and operated the West Ridge Surface Mine in Lincoln and Boone Counties, West Virginia, which is regulated by Surface Mining Permit S500396 and which discharges pollutants from various outfalls that are subject to the effluent limitations of WV/NPDES Permit WV1016776.

20.     At all relevant times, Hobet owned and operated the Westridge No. 3 Surface Mine in Lincoln County, West Virginia, which is regulated by Surface Mining Permit S500203 and which discharges pollutants from various outfalls that are subject to the effluent limitations of WV/NPDES Permit WV1020889.

21.     At all relevant times, Hobet owned and operated Westridge No. 1 in Boone Lincoln and Boone Counties, West Virginia, which is regulated by Surface Mining Permit S500404 and which discharges pollutants from various outfalls that are subject to the effluent limitations of WV/NPDES Permit WV1021028.

22.     Plaintiff Ohio Valley Environmental Coalition (hereinafter "OVEC") is a nonprofit organization incorporated in Ohio.  Its principal place of business is in Huntington, West Virginia.  It has approximately 1,500 members.  Its mission is to organize and maintain a diverse grassroots organization dedicated to the improvement and preservation of the environment through education, grassroots organizing, coalition building, leadership development, and media outreach.  The Coalition has focused on water quality issues and is a leading source of information about water pollution in West Virginia.

23.     Plaintiff West Virginia Highlands Conservancy, Inc., (hereinafter "WVHC") is a nonprofit organization incorporated in West Virginia.  It has approximately 2,000 members.  It

works for the conservation and wise management of West Virginia's natural resources.

24.     Plaintiff Coal River Mountain Watch is a nonprofit membership organization located in southern West Virginia with approximately 500 members, most residing in West Virginia.  Its mission is to establish and maintain social, economic and environmental justice in the southern coalfields of West Virginia, to keep communities intact and to improve the quality of life in these communities.  Coal River Mountain Watch is a local leader in environmental and community issues related to the impacts of mountaintop removal coal mining.

25.     Plaintiff Sierra Club is a nonprofit corporation incorporated in California, with more than 600,000 members and supporters nationwide and approximately 1,900 members who reside in West Virginia and belong to its West Virginia Chapter.  The Sierra Club is dedicated to exploring, enjoying, and protecting the wild places of the Earth; to practicing and promoting the responsible use of the Earth's resources and ecosystems; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.  The Sierra Club's concerns encompass the exploration, enjoyment and protection of surface waters in West Virginia.

26.     Plaintiffs' members suffer injuries to their aesthetic, recreational, environmental, and/or economic interests as a result of Defendants' unlawful discharges of pollutants.  Plaintiffs' members fish, swim, observe wildlife, or otherwise use the waters affected by Defendants' discharges and are harmed by the high levels of pollutants that Defendants are discharging in violation of its permits.  Plaintiffs' members refrain from swimming, wading, fishing, and/or engaging in other activities in and around the streams affected by Defendants' discharges to avoid exposure to pollutants.  Plaintiffs' members are also very concerned about the impacts of pollution from Defendants' discharges on their friends and neighbors and on local wildlife.  If

Defendants' unlawful discharges ceased, the harm to the interests of Plaintiffs' members could be redressed.  Injunctions and/or civil penalties would redress Plaintiffs' members' injuries by preventing and/or deterring future violations of the limits in Defendants' permits.

27.     At all relevant times, Plaintiffs were and are "persons" as that term is defined by the CWA, 33 U.S.C. § 1362(5), and SMCRA, 30 U.S.C. § 1291(19).

## STATUTORY AND REGULATORY FRAMEWORK

28.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" into waters of the United States except in compliance with the terms of a permit, such as a National Pollution Discharge Elimination System ("NPDES") Permit issued by the EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

29.     Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that the permit issuing authority may issue a NPDES Permit that authorizes the discharge of any pollutant directly into waters of the United States, upon the condition that such discharge will meet all applicable requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

30.     Section 402 of the CWA, 33 U.S.C. § 1342, directs the Administrator of EPA to prescribe conditions for NPDES permits to ensure compliance with the requirements of the CWA, including conditions on data and information collection, reporting, and other such requirements as the Administrator deems appropriate.

31.     Effluent limitations, as defined in Section 502(11) of the CWA, 33 U.S.C. § 1362(11), are restrictions on quantity, rate, and concentration of chemical, physical, biological, and other constituents of wastewater discharges.  Effluent limitations are among the conditions and limitations prescribed in NPDES permits issued under Section 402(a) of the CWA, 33

U.S.C. § 1342(a).

32.     Section 303(a) of the CWA, 33 U.S.C. § 1313(a), requires that states adopt ambient water quality standards and establish water quality criteria for particular water bodies that will protect the designated uses of the water.  When technology-based effluent limitations are insufficient to keep receiving waters within those levels, the permit must include stricter water quality based effluent limits ("WQBELs") that reflect water quality standards and criteria. 33 U.S.C. § 1311(b)(1)(C).

33.     At all times relevant to this complaint, the State of West Virginia has been authorized by EPA to administer a NPDES program for regulating the discharges of pollutants into the waters of West Virginia.  Permits issued under this program are known as "WV/NPDES" permits.

34.     Holders of WV/NPDES Permits are required to monitor their discharges and report their average monthly discharges and maximum daily discharges on a quarterly basis. Those reports are called "Discharge Monitoring Reports," or "DMRs."

35.     Section 505(a) of the CWA, 33 U.S.C. § 1365(a), authorizes any "citizen" to "commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of  . . . an effluent standard or limitation under this chapter."

36.     Section 505(f) of the CWA, 33 U.S.C. § 1365(f), defines an "effluent standard or limitation under this chapter," for purposes of the citizen suit provision in Section 505(a) of the CWA, 33 U.S.C. § 1365(a), to mean, among other things, an unlawful act under Section 301(a), 33 U.S.C. § 1311(a), of the CWA, a WQBEL, and "a permit or condition thereof issued" under Section 402, 33 U.S.C. § 1342, of the CWA.

37.     Section 505(b)(1)(B) of the CWA, 33 U.S.C. § 1365(b)(1)(B), provides that

citizen enforcement may be precluded only if the federal government or State "has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State <u>to require compliance with [particular] standard, limitation, or order [at issue]</u>." (Emphasis added.)

38.     In an action brought under Section 505(a) of the CWA, 33 U.S.C. § 1365(a), the district court has jurisdiction to order the defendant or defendants to comply with the CWA and to assess civil penalties under Section 309(d) of the CWA, 33 U.S.C. § 1365(d).  <u>See</u> 33 U.S.C. § 1365(a).

39.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation.

40.     Pursuant to the Federal Civil Penalties Adjustment Act of 1990, 28 U.S.C § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the court may assess a civil penalty of $37,500 per day for each violation that occurred after January 12, 2009.  <u>See</u> 40 C.F.R. § 19.4.

41.     Under Section 505(d) of the CWA, 33 U.S.C § 1365(d), the court "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."

42.     Section 506 of SMCRA, 30 U.S.C. § 1256, prohibits any person from engaging in or carrying out surface coal mining operations without first obtaining a permit from the Office of Surface Mining Reclamation and Enforcement ("OSMRE") or from an approved state regulatory authority.

43.     At all relevant times, the State of West Virginia has administered an approved

surface mining regulatory program.  See 30 C.F.R. § 948.10.

44.     The legislative rules promulgated under the WVSCMRA provide that, as a general condition of all surface mining permits issued under the WVSCMRA, the permittee must comply with all applicable performance standards.  38 C.S.R. § 2-3.33.c.

45.     Among the performance standards mandated by SMCRA and the West Virginia Surface Coal Mining and Reclamation Act ("WVSCMRA") is that mining activities must be conducted in such a manner so as to "prevent material damage to the hydrologic balance outside the permit area."  30 C.F.R. §§ 816.41(a) and 817.41(a); 38 C.S.R. § 2-14.5.

46.     Another performance standard mandated by SMCRA and the WVSCMRA is that "[d]ischarge from areas disturbed by . . .  mining shall not violate effluent limitations or cause a violation of applicable water quality standards."  30 C.F.R. §§ 816.42 and 817.42; 38 C.S.R. § 2-14.5.b.

47.     Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), authorizes any person adversely affected to bring an action in federal court to compel compliance with SMCRA against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to [SMCRA]."

48.     Section 520(b)(1)(B) of SMCRA, 30 U.S.C. § 1270(b)(1)(B), provides that citizen enforcement may be precluded only if the federal government or State "has commenced and is diligently prosecuting a civil in a court of the United States or a State to require compliance with the provisions of this chapter, or any rule, regulation, order, or permit issued pursuant to this chapter . . . ." (Emphasis added.)

49.     Section 520(d) of SMCRA, 30 U.S.C. § 1270(d), authorizes the Court to award the costs of litigation, including attorney fees and expert witness fees, "to any party, whenever

the court determines such an award is appropriate."

50.     WVDEP is the agency in the State of West Virginia that administers that State's CWA and SMCRA programs, and issues WV/NPDES Permits and WVSCMRA Permits.

## FACTS

### *WVDEP Actions Related to Catenary's WV/NPDES Permits WV0096962 and WV1014684*

51.     On or about April 5, 2007, WVDEP incorporated schedules of compliance in Catenary's WV/NPDES Permits WV0096962 and WV1014684 that purported to delay the effective date of the selenium effluent limitations in those permits until April 5, 2010.

52.     On or about March 3, 2010, WVDEP provided public notice of its intention to modify the schedules of compliance for selenium in Catenary's WV/NPDES Permits WV0096962 and WV1014684 to further delay the effective date of the selenium effluent limitations in those permits until July 1, 2012.

53.     On or about May 27, 2010, EPA specifically objected to the proposed modifications to the schedules of compliance in Catenary's WV/NPDES Permits WV0096962 and WV1014684 pursuant to 40 C.F.R. § 123.44.  In essence, EPA prohibited WVDEP from modifying the final effective date of Catenary's selenium effluent limitations.

54.     On or about April 23, 2010, WVDEP commenced Civil Action No. 10-C-96 against Catenary in the Circuit Court of Boone County West Virginia, purporting to prosecute violations of the selenium limits in Catenary's WV/NPDES Permits WV00969620 and WV0093751.

55.     On or about June 11, 2010, WVDEP amended the complaint in Civil Action No. 10-C-96 to include allegations of violations of the selenium effluent limits in Catenary's WV/NPDES Permits WV0096962 and WV1014684.

56.     In its amended complaint, WVDEP expressly requested the following relief

regarding WV/NPDES Permits WV0096962 and WV1014684:  "That in regard to Permit Nos. WV0096962 and WV1014684 the Court set a new schedule of compliance regarding selenium and order Catenary to immediately comply with the same[;]" "That the aforementioned compliance order contain an appropriate schedule of descending limits regarding Selenium couple [sic] with stipulated penalties should Catenary fail to meet the Court ordered limits[;] and "That the Court set a date certain when Catenary's discharges shall begin to meet the applicable water quality standards for selenium."

57.     The amended complaint in Civil Action No. 10-C-96 does not seek to require compliance with the effluent limitations in WV/NPDES Permits WV0096962 and WV1014684. Rather, it seeks to delay compliance with those limitations.  Accordingly, Civil Action No. 10-C-96 does not preclude this action under 33 U.S.C. § 1365(b)(1)(B) or 30 U.S.C. § 1270(b)(1)(B).

58.     Through Civil Action No. 10-C-96, WVDEP has attempted to achieve through the judicial process precisely what US EPA prohibited it from doing through the permitting process.

### *WV/NPDES Permit WV0096962*

59.     At all relevant times, Catenary has held WV/NPDES Permit Number WV0096962 to regulate water pollution from its Samples Mine Complex.

60.     At all relevant times, Catenary has held WVSCMRA Permits S302490, S300495, and S301000, among others, for its Samples Mine Complex.

61.     WV/NPDES Permit Number WV0096962 places limits on the concentrations of selenium that Catenary can discharge into Left Fork of White Oak Creek from Outfalls 001 and 056, an unnamed tributary of Right Fork of White Oak Creek from Outfall 042, an unnamed tributary of White Oak Creek from Outfall 044, and Fourmile Branch from Outfall 055.  Each of those waterways is a navigable water of the United States.

62.     On or about April 5, 2007, WVDEP issued Order No. 775 to Catenary.  That

Order delayed the effective date of the permit's final selenium effluent limitations until April 5, 2010.

63.     Order No. 775 placed additional obligations on Catenary regarding selenium treatment and compliance.  Among other things, Order No. 775 required Catenary to commence construction of selenium treatment facilities by October 5, 2008, and to complete installation of the requisite selenium treatment facilities by April 5, 2010.

64.     On information and belief, Plaintiffs allege that Catenary failed to commence construction of selenium treatment facilities on Outfalls 001, 042, 044, 055, and 056 by October 5, 2008.

65.     On information and belief, Plaintiffs allege that Catenary failed to complete installation of selenium treatment facilities on Outfalls 001, 042, 044, 055, and 056 by April 5, 2010.

66.     On April 5, 2010, the selenium effluent limitations in WV/NPDES Permit WV0096962 became final and effective.

67.     The DMRs that Catenary submitted to WVDEP reveal that Catenary has discharged selenium in excess of the final effluent limitations for selenium from Outfalls 001, 042, 044, 055, and 056 on multiple occasions, including during March 2010.

68.     On information and belief, Plaintiffs allege that Catenary has violated the final effluent limitations on Outfalls 001, 042, 044, 055, and 056 of WV/NPDES Permit WV0096962 on one or more occasions since April 5, 2010.

69.     On the basis of Catenary's pattern of exceedances of its effluent limitations in WV/NPDES Permit Number WV0096962 and the absence of any evidence of any meaningful efforts by Catenary to eradicate the cause of the violations, Plaintiffs allege that Catenary is in

continuing and/or intermittent violation of the Clean Water Act and SMCRA.

### *WV/NPDES Permit Number WV1014684*

70.     At all relevant times, Catenary has held WV/NPDES Permit Number WV1014684 to regulate water pollution from its Stanley Heritage Surface Mine.

71.     At all relevant times, Catenary has held WVSCMRA Permit S303593 for its Stanley Heritage Surface Mine.

72.     WV/NPDES Permit Number WV1014684 places limits on the concentrations of pollutants that Catenary can discharge into an unnamed tributary of Seng Creek from Outfalls 001 and 002, into Rockhouse Creek from Outfall 003, and into Kays Fork from Outfall 006. Each of those waterways is a navigable water of the United States.

73.     On or about April 5, 2007, WVDEP issued Amended Order No. 1 to Catenary. That Order delayed the effective date of the permit's final selenium effluent limitations until April 5, 2010.

74.     Amended Order No. 1 placed additional obligations on Catenary regarding selenium treatment and compliance.  Among other things, Amended Order No. 1 required Catenary to commence construction of selenium treatment facilities by October 5, 2008, and to complete installation of the requisite selenium treatment facilities by April 5, 2010.

75.     On information and belief, Plaintiffs allege that Catenary failed to commence construction of selenium treatment facilities on Outfalls 001, 002, 003, and 006 by October 5, 2008.

76.     On information and belief, Plaintiffs allege that Catenary failed to complete installation of selenium treatment facilities on Outfalls 001, 002, 003, and 006 by April 5, 2010.

77.     On April 5, 2010, the selenium effluent limitations in WV/NPDES Permit WV1014684 became final and effective.

14

78.     The DMRs that Catenary submitted to WVDEP reveal that Catenary has

discharged selenium in excess of the final effluent limitations for selenium from Outfalls 001,

002, 003, and 006 on multiple occasions, including during March 2010.

79.     On information and belief, Plaintiffs allege that Catenary has violated the final

effluent limitations on Outfalls 001, 002, 003, and 006 of WV/NPDES Permit WV1014684 on

one or more occasions since April 5, 2010.

80.     On the basis of Catenary's pattern of exceedances of its effluent limitations in

WV/NPDES Permit Number WV1014684 and the absence of any evidence of any meaningful

efforts by Catenary to eradicate the cause of the violations, Plaintiffs allege that Catenary is in

continuing and/or intermittent violation of the Clean Water Act and SMCRA.

### *Civil Action No. 3:08-cv-0088*

81.     On February 7, 2008, OVEC and WVHC commenced Civil Action No. 3:08-cv-

0088 in this Court against Hobet, alleging violations of the selenium limitations in WV/NPDES

Permits WV0099392, WV1016776, WV1020889, and WV1021028 and that WVDEP was not

diligently prosecuting a civil action in the Boone County Circuit Court (Civ. No. 07-C-3) that it

had commenced against Hobet for the same violations.

82.     On September 5, 2008, the Boone County Circuit Court entered a consent decree

in Civ. No. 07-C-3.

83.     On December 18, 2008, this Court concluded that, although WVDEP had not

diligently prosecuted the Boone County Circuit Court action against Hobet, the Septmber 5, 2008

consent decree had the effect of mooting OVEC's and WVHC's claims for injunctive relief in

Civil Action No. 3:08-cv-0088.  Ohio Valley Envtl. Coalition, Inc. v. Hobet Mining, LLC, 2008

WL 5377799 (S.D. W. Va. Dec. 18, 2008).

84.     Subsequent to the December 18, 2008 ruling, the Court entered a Consent Decree

15

in Civil Action No. 3:08-cv-0088 that resolved OVEC's and WVHC's claims for civil penalties against Hobet for violations of the selenium limits in WV/NPDES Permits WV0099392, WV1016776, WV1020889, and WV1021028 through April 4, 2010.  By its express terms, that Consent Decree terminated on April 19, 2010.

### *WV/NPDES Permit WV0099392*

85.     At all relevant times, Hobet has held WV/NPDES Permit Number WV0099392 to regulate water pollution from its H-21 Surface Mine Operation and Ancillary Facility.

86.     At all relevant times, Hobet has held WVSCMRA Permits S003285, S508088, S502689, S502991, and S501692, and O501097 for its H-21 Surface Mine Operation.

87.     At all relevant times, Hobet has held WVSCMRA Permit O501097 for its Ancillary Facility.

88.     WV/NPDES Permit Number WV0099392 places limits on the concentrations of selenium that Hobet can discharge into Horse Creek from Outfalls 004 and 040; into Stanley Fork of the Upper Mud River from Outfalls 014, 015, 027, 028, and 032; into Mud River from Outfalls 033, 034, and 045; into Sugartree Branch of the Upper Mud River from Outfalls 035, 037, 077, 078, and 079; into Jack Smith Branch of the Lower Little Coal River from Outfall 038; and into Berry Branch of the Upper Mud River from Outfall 084.  Each of those waterways is a navigable water of the United States.

89.     The DMRs that Hobet submitted to WVDEP reveal that Hobet has discharged selenium in excess of the final effluent limitations for selenium from Outfalls 004, 014, 015, 027, 028, 032, 033, 034, 035, 037, 038, 040, 045, 077, 078, 079, and 084 on multiple occasions; including during March 2010 for Outfalls 004, 014, 027, 028, 032, 033, 034, 035, 037, 038, 040, 045, 077, 079, and 084; during February 2010 for Outfall 078; and during January 2010 for Outfall 015.

16

90.    On information and belief, Plaintiffs allege that Hobet has violated the selenium effluent limitations on Outfalls 004, 014, 015, 027, 028, 032, 033, 034, 035, 037, 038, 040, 045, 077, 078, 079, and 084 of WV/NPDES Permit WV0099392 on one or more occasions since April 5, 2010.

91.    On the basis of Hobet's pattern of exceedances of its effluent limitations in WV/NPDES Permit Number WV0099392 and the absence of any evidence of any meaningful efforts by Hobet to eradicate the cause of the violations, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act and SMCRA.

### *WV/NPDES Permit Number WV1016776*

92.    At all relevant times, Hobet has held WV/NPDES Permit Number WV1016776 to regulate water pollution from its West Ridge Surface Mine.

93.    At all relevant times, Hobet has held WVSCMRA Permit S500396 for its West Ridge Surface Mine.

94.    WV/NPDES Permit Number WV1016776 places limits on the concentrations of pollutants that Hobet can discharge into Connelly Branch of the Upper Mud River from Outfall 001; into Mud River from Outfalls 002, 003, 007, 041, 041, and 050; and into Lukey Fork of the Upper Mud River from Outfalls 004 and 006.  Each of those waterways is a navigable water of the United States.

95.    The DMRs that Hobet submitted to WVDEP reveal that Hobet has discharged selenium in excess of the final effluent limitations for selenium from Outfalls 001, 002, 003, 004, 006, 007, 041, and 050 on multiple occasions, including during February 2010 for Outfall 006 and during March 2010 for Outfalls 001, 002, 003, 004, 007, 041, and 050.

96.    On information and belief, Plaintiffs allege that Hobet has violated the final effluent limitations on Outfalls 001, 002, 003, 004, 006, 007, 041, and 050 of WV/NPDES

Permit WV1016776 on one or more occasions since April 5, 2010.

97.     On the basis of Hobet's pattern of exceedances of its effluent limitations in WV/NPDES Permit Number WV1016776 and the absence of any evidence of any meaningful efforts by Hobet to eradicate the cause of the violations, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act and SMCRA.

### *WV/NPDES Permit Number WV1020889*

98.     At all relevant times, Hobet has held WV/NPDES Permit Number WV1020889 to regulate water pollution from its Westridge No. 3 Surface Mine.

99.     At all relevant times, Hobet has held WVSCMRA Permit S500203 for its Westridge No. 3 Mine.

100.    WV/NPDES Permit Number WV1020889 places limits on the concentrations of pollutants that Hobet can discharge into the Mud River, a navigable water of the United States, from Outfalls 001, 003, and 005.

101.    The DMRs that Hobet submitted to WVDEP reveal that Hobet has discharged selenium in excess of the final effluent limitations for selenium from Outfalls 001, 003 and 005 on multiple occasions, including during January 2010 for Outfall 005 and during March 2010 for Outfalls 001 and 003.

102.    On information and belief, Plaintiffs allege that Hobet has violated the final effluent limitations on Outfalls 001, 003 and 005 of WV/NPDES Permit WV1020889 on one or more occasions since April 5, 2010.

103.    On the basis of Hobet's pattern of exceedances of its effluent limitations in WV/NPDES Permit Number WV1020889 and the absence of any evidence of any meaningful efforts by Hobet to eradicate the cause of the violations, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act and SMCRA.

### *WV/NPDES Permit Number WV1021028*

104.    At all relevant times, Hobet has held WV/NPDES Permit Number WV1021028 to regulate water pollution from its Westridge No. 1 Mine.

105.    At all relevant times, Hobet has held WVSCMRA Permit S500404 for its Westridge No. 1 Mine.

106.    WV/NPDES Permit Number WV1021028 places limits on the concentrations of pollutants that Hobet can discharge into Fawn Hollow of Big Ugly Creek, a navigable water of the United States, from Outfall 001.

107.    The DMRs that Hobet submitted to WVDEP reveal that Hobet has discharged selenium in excess of the final effluent limitations for selenium from Outfalls 001 on multiple occasions, including during February 2010 for Outfall 006 and during March 2010 for Outfall 001.

108.    On information and belief, Plaintiffs allege that Hobet has violated the final effluent limitations on Outfalls 001 of WV/NPDES Permit WV1021028 on one or more occasions since April 5, 2010.

109.    On the basis of Hobet's pattern of exceedances of its effluent limitations in WV/NPDES Permit Number WV1021028 and the absence of any evidence of any meaningful efforts by Hobet to eradicate the cause of the violations, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act and SMCRA.

### *Plaintiffs' 60-Day Notice Letters*

110.    Plaintiffs sent a notice of intent letter (hereinafter, "NOI"), postmarked on April 14, 2010, to Catenary notifying it that its discharges of selenium, its violations of Order No. 775 and Amended Order No. 1, and its violations of the effluent limitations in WV/NPDES Permits WV0096962 and WV1014684 violate the Clean Water Act and SMCRA.

111.     The NOI also notified Defendants of Plaintiffs' intent to sue Defendants for those violations at the end of the 60-day period required by statute.

112.     The NOI was sent by certified mail, return receipt requested, to the following persons:  Tom Chapman, General Manager, Samples Mine Complex, Catenary Coal Company; Secretary Randy Huffman, WVDEP; Shawn M. Garvin, Regional Administrator of EPA Region III; Lisa P. Jackson, Adminstrator of EPA; Ken Salazar, Secretary of the United States Department of Interior; Joseph Pizarchik, Director of the Office of Surface Mining Reclamation and Enforcement; and CT Corporation System, Registered Agent for Catenary Coal Company, LLC.  The NOI was also sent to the Regional Director for the Appalachian Region of the Office of Surface Mining Enforcement and Reclamation via first class mail, postage prepaid.

113.     Plaintiffs sent an NOI, postmarked on April 14, 2010, to Hobet notifying it that its discharges of selenium and its violations of the effluent limitations in WV/NPDES Permits WV0099392, WV1016776, WV1020889, and WV1021028 violate the Clean Water Act and SMCRA.

114.     The NOI also notified Defendants of Plaintiffs' intent to sue Defendants for those violations at the end of the 60-day period required by statute.

115.     The NOI was sent by certified mail, return receipt requested, to the following persons:  Kent Desrocher, General Manager, Hobet Mining, LLC; Secretary Randy Huffman, WVDEP; Shawn M. Garvin, Regional Administrator of EPA Region III; Lisa P. Jackson, Adminstrator of EPA; Ken Salazar, Secretary of the United States Department of Interior; Joseph Pizarchik, Director of the Office of Surface Mining Reclamation and Enforcement; and CT Corporation System, Registered Agent for Hobet Mining, LLC.  The NOI was also sent to the Regional Director for the Appalachian Region of the Office of Surface Mining Enforcement and

20

Reclamation via first class mail, postage prepaid.

## FIRST CLAIM FOR RELIEF

(Clean Water Act Violations of WV/NPDES Permit Number WV0096962)

116.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

117.    Catenary's wastewater discharges identified in the above paragraphs are discharges from a point source or sources into navigable waters of the United States within the meaning of Section 301 of the Clean Water Act, which prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

118.    The selenium limits in WV/NPDES Permit Number WV0096962 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

119.    Each and every discharge in excess of the effluent limitations in WV/NPDES Permit Number WV0096962 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

120.    A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.

121.    On information and belief, Plaintiffs allege that Catenary has violated the selenium effluent limitations in WV/NPDES Permit WV0096962 on one or more occasion since April 5, 2010.

122.    Unless enjoined, Catenary will remain in continuing violation of the Clean Water Act.

123.    On information and belief, Plaintiffs allege that Catenary is in continuing and/or intermittent violation of the Clean Water Act as a result of its violations of the effluent

limitations in WV/NPDES Permit Number WV0096962 because Catenary has taken no

meaningful action to eradicate the underlying cause of the violations.

124.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Catenary is liable

for civil penalties of up to $37,500 per day of violation for its violations of the effluent

limitations in WV/NPDES Permit Number WV0096962.

**SECOND CLAIM FOR RELIEF**

(Violations of Order No. 775)

125.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1

through 115 supra.

126.    Order No. 775 that Catenary received from WVDEP constitutes an "order issued

by the Administrator or a State with respect to [effluent] standard[s] or limitation[s]" for

purposes of Section 505(a)(1) of the CWA and, hence, violations of Order No. 775 are actionable

in a Clean Water Act citizen suit.

127.    Catenary's failure to commence construction of selenium treatment facilities on

Outfalls 001, 042, 044, 055, and 056 of WV/NPDES Permit WV0096962 by October 5, 2010, is

a violation of the terms of Order No. 775.

128.    Catenary is in ongoing violation of the requirement that it commence construction

of selenium treatment facilities on Outfalls 001, 042, 044, 055, and 056 of WV/NPDES Permit

WV0096962 by October 5, 2010.

129.    Catenary's failure to complete construction of selenium treatment facilities on

Outfalls 001, 042, 044, 055, and 056 of WV/NPDES Permit WV0096962 by April 5, 2010, is a

violation of the terms of Order No. 775.

130.    Catenary is in ongoing violation of the requirement that it complete installation of

a selenium treatment system for Outfalls 001, 042, 044, 055, and 056 of WV/NPDES Permit

22

WV0096962 by April 5, 2010.

131.    Unless enjoined, Catenary will remain in continuing violation of Order No. 775.

### THIRD CLAIM FOR RELIEF
(SMCRA Violations Related to WV/NPDES Permit Number WV0096962)

132.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

133.    Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

134.    As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

135.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

136.    WV/NPDES Permit Number WV0096962 regulates Catenary's discharges from its Samples Mine Complex (WVSCMRA Permit Nos. S302490, S300495, and S301000).

137.    On information and belief, Plaintiffs allege that Catenary has violated the effluent limitations in WV/NPDES Permit WV0096962 on one or more occasion since April 5, 2010.

138.    Consequently, Catenary has committed one or more violations of the performance standards incorporated in the regulations under SMCRA.

139.    Because those performance standards are permit conditions, Catenary is also in violation of the terms and conditions of WVSCMRA Permits S302490, S300495, and S301000.

140.    Unless enjoined, Catenary will remain in ongoing and continuing violation of

SMCRA.

141.    On information and belief, Plaintiffs allege that Catenary is in continuing and/or intermittent violation of SMCRA as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV0096962 because Catenary has taken no meaningful action to eradicate the underlying cause of the violations.

### FOURTH CLAIM FOR RELIEF
(Clean Water Act Violations of WV/NPDES Permit Number WV1014684)

142.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

143.    Catenary's wastewater discharges identified in the above paragraphs are discharges from a point source or sources into navigable waters of the United States within the meaning of Section 301 of the Clean Water Act, which prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

144.    The selenium limits in WV/NPDES Permit Number WV1014684 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

145.    Each and every discharge in excess of the effluent limitations in WV/NPDES Permit Number WV1014684 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

146.    A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.

147.    On information and belief, Plaintiffs allege that Catenary has violated the selenium effluent limitations in WV/NPDES Permit WV1014684 on one or more occasion since April 5, 2010.

148.    Unless enjoined, Catenary will remain in continuing violation of the Clean Water Act.

149.    On information and belief, Plaintiffs allege that Catenary is in continuing and/or intermittent violation of the Clean Water Act as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV1014684 because Catenary has taken no meaningful action to eradicate the underlying cause of the violations.

150.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Catenary is liable for civil penalties of up to $37,500 per day of violation for its violations of the effluent limitations in WV/NPDES Permit Number WV1014684.

## FIFTH CLAIM FOR RELIEF
(Violations of Amended Order No. 1)

151.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

152.    Amended Order No. 1 that Catenary received from WVDEP constitutes an "order issued by the Administrator or a State with respect to [effluent] standard[s] or limitation[s]" for purposes of Section 505(a)(1) of the CWA and, hence, violations of Amended Order No. 1 are actionable in a Clean Water Act citizen suit.

153.    Catenary's failure to commence construction of selenium treatment facilities on Outfalls 001, 002, 003, and 006 of WV/NPDES Permit WV1014684 by October 5, 2010, is a violation of the terms of Amended Order No. 1.

154.    Catenary is in ongoing violation of the requirement that it commence construction of selenium treatment facilities on Outfalls 001, 002, 003, and 006 of WV/NPDES Permit WV1014684 by October 5, 2010.

155.    Catenary's failure to complete construction of selenium treatment facilities on

Outfalls 001, 002, 003, and 006 of WV/NPDES Permit WV1014684 by April 5, 2010, is a violation of the terms of Amended Order No. 1.

156.    Catenary is in ongoing violation of the requirement that it complete installation of a selenium treatment system for Outfalls 001, 002, 003, and 006 of WV/NPDES Permit WV1014684 by April 5, 2010.

157.    Unless enjoined, Catenary will remain in continuing violation of Amended Order No. 1.

## SIXTH CLAIM FOR RELIEF
(SMCRA Violations Related to WV/NPDES Permit Number WV1014684)

158.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

159.    Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

160.    As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

161.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

162.    WV/NPDES Permit Number WV1014684 regulates Catenary's discharges from its Stanley Heritage Surface Mine (WVSCMRA Permit No. S303593).

163.    On information and belief, Plaintiffs allege that Catenary has violated the effluent limitations in WV/NPDES Permit WV1014684 on one or more occasion since April 5, 2010.

164.    Consequently, Catenary has committed one or more violations of the performance standards incorporated in the regulations under SMCRA.

165.    Because those performance standards are permit conditions, Catenary is also in violation of the terms and conditions of WVSCMRA Permit S303593.

166.    Unless enjoined, Catenary will remain in ongoing and continuing violation of SMCRA.

167.    On information and belief, Plaintiffs allege that Catenary is in continuing and/or intermittent violation of SMCRA as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV1014684 because Catenary has taken no meaningful action to eradicate the underlying cause of the violations.

### SEVENTH CLAIM FOR RELIEF
(Clean Water Act Violations of WV/NPDES Permit Number WV0099392)

168.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

169.    Hobet's wastewater discharges identified in the above paragraphs are discharges from a point source or sources into navigable waters of the United States within the meaning of Section 301 of the Clean Water Act, which prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

170.    The selenium limits in WV/NPDES Permit Number WV0099392 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

171.    Each and every discharge in excess of the effluent limitations in WV/NPDES Permit Number WV0099392 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

172.    A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.

173.    On information and belief, Plaintiffs allege that Hobet has violated the selenium effluent limitations in WV/NPDES Permit WV0099392 on one or more occasion since April 5, 2010.

174.    Unless enjoined, Hobet will remain in continuing violation of the Clean Water Act.

175.    On information and belief, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV0099392 because Hobet has taken no meaningful action to eradicate the underlying cause of the violations.

176.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Hobet is liable for civil penalties of up to $37,500 per day of violation for its violations of the effluent limitations in WV/NPDES Permit Number WV0099392.

**EIGHTH CLAIM FOR RELIEF**
(SMCRA Violations Related to WV/NPDES Permit Number WV0099392)

177.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

178.    Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

179.    As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material

damage to the hydrologic balance outside of the permit area.

180.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

181.    WV/NPDES Permit Number WV0099392 regulates Hobet's discharges from its H-21 Surface Mine Operation (WVSCMRA Permit Nos. S003285, S508088, S502689, S502991, S501692, and O501097) and Ancillary Facility (WVSCMRA Permit No. O501097).

182.    On information and belief, Plaintiffs allege that Hobet has violated the effluent limitations in WV/NPDES Permit WV0099392 on one or more occasion since April 5, 2010.

183.    Consequently, Hobet has committed one or more violations of the performance standards incorporated in the regulations under SMCRA.

184.    Because those performance standards are permit conditions, Hobet is also in violation of the terms and conditions of WVSCMRA Permits S003285, S508088, S502689, S502991, S501692, and O501097.

185.    Unless enjoined, Hobet will remain in ongoing and continuing violation of SMCRA.

186.    On information and belief, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of SMCRA as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV0099392 because Hobet has taken no meaningful action to eradicate the underlying cause of the violations.

## NINTH CLAIM FOR RELIEF
(Clean Water Act Violations of WV/NPDES Permit Number WV1016776)

187.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

188.    Hobet's wastewater discharges identified in the above paragraphs are discharges

from a point source or sources into navigable waters of the United States within the meaning of Section 301 of the Clean Water Act, which prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

189.    The selenium limits in WV/NPDES Permit Number WV1016776 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

190.    Each and every discharge in excess of the effluent limitations in WV/NPDES Permit Number WV1016776 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

191.    A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.

192.    On information and belief, Plaintiffs allege that Hobet has violated the selenium effluent limitations in WV/NPDES Permit WV1016776 on one or more occasion since April 5, 2010.

193.    Unless enjoined, Hobet will remain in continuing violation of the Clean Water Act.

194.    On information and belief, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV1016776 because Hobet has taken no meaningful action to eradicate the underlying cause of the violations.

195.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Hobet is liable for civil penalties of up to $37,500 per day of violation for its violations of the effluent limitations in WV/NPDES Permit Number WV1016776.

**TENTH CLAIM FOR RELIEF**
(SMCRA Violations Related to WV/NPDES Permit Number WV1016776)

196.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

197.    Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

198.    As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

199.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

200.    WV/NPDES Permit Number WV1016776 regulates Hobet's discharges from its West Ridge Surface Mine (WVSCMRA Permit No. S500396).

201.    On information and belief, Plaintiffs allege that Hobet has violated the effluent limitations in WV/NPDES Permit WV1016776 on one or more occasion since April 5, 2010.

202.    Consequently, Hobet has committed one or more violations of the performance standards incorporated in the regulations under SMCRA.

203.    Because those performance standards are permit conditions, Hobet is also in violation of the terms and conditions of WVSCMRA Permit S500396.

204.    Unless enjoined, Hobet will remain in ongoing and continuing violation of SMCRA.

205.    On information and belief, Plaintiffs allege that Hobet is in continuing and/or

intermittent violation of SMCRA as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV1016776 because Hobet has taken no meaningful action to eradicate the underlying cause of the violations.

## ELEVENTH CLAIM FOR RELIEF
(Clean Water Act Violations of WV/NPDES Permit Number WV1020889)

206.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

207.    Hobet's wastewater discharges identified in the above paragraphs are discharges from a point source or sources into navigable waters of the United States within the meaning of Section 301 of the Clean Water Act, which prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

208.    The selenium limits in WV/NPDES Permit Number WV1020889 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

209.    Each and every discharge in excess of the effluent limitations in WV/NPDES Permit Number WV1020889 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

210.    A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.

211.    On information and belief, Plaintiffs allege that Hobet has violated the selenium effluent limitations in WV/NPDES Permit WV1020889 on one or more occasion since April 5, 2010.

212.    Unless enjoined, Hobet will remain in continuing violation of the Clean Water Act.

213.     On information and belief, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV1020889 because Hobet has taken no meaningful action to eradicate the underlying cause of the violations.

214.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Hobet is liable for civil penalties of up to $37,500 per day of violation for its violations of the effluent limitations in WV/NPDES Permit Number WV1020889.

**TWELFTH CLAIM FOR RELIEF**
(SMCRA Violations Related to WV/NPDES Permit Number WV1020889)

215.     Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

216.     Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

217.     As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

218.     Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

219.     WV/NPDES Permit Number WV1020889 regulates Hobet's discharges from its Westridge No. 3 Surface Mine (WVSCMRA Permit No. S500203).

220.     On information and belief, Plaintiffs allege that Hobet has violated the effluent limitations in WV/NPDES Permit WV1020889 on one or more occasion since April 5, 2010.

221.     Consequently, Hobet has committed one or more violations of the performance standards incorporated in the regulations under SMCRA.

222.     Because those performance standards are permit conditions, Hobet is also in violation of the terms and conditions of WVSCMRA Permit S500203.

223.     Unless enjoined, Hobet will remain in ongoing and continuing violation of SMCRA.

224.     On information and belief, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of SMCRA as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV1020889 because Hobet has taken no meaningful action to eradicate the underlying cause of the violations.

## THIRTEENTH CLAIM FOR RELIEF
(Clean Water Act Violations of WV/NPDES Permit Number WV1021028)

225.     Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

226.     Hobet's wastewater discharges identified in the above paragraphs are discharges from a point source or sources into navigable waters of the United States within the meaning of Section 301 of the Clean Water Act, which prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

227.     The selenium limits in WV/NPDES Permit Number WV1021028 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

228.     Each and every discharge in excess of the effluent limitations in WV/NPDES Permit Number WV1021028 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

229.    A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.

230.    On information and belief, Plaintiffs allege that Hobet has violated the selenium effluent limitations in WV/NPDES Permit WV1021028 on one or more occasion since April 5, 2010.

231.    Unless enjoined, Hobet will remain in continuing violation of the Clean Water Act.

232.    On information and belief, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV1021028 because Hobet has taken no meaningful action to eradicate the underlying cause of the violations.

233.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Hobet is liable for civil penalties of up to $37,500 per day of violation for its violations of the effluent limitations in WV/NPDES Permit Number WV1021028.

## FOURTEENTH CLAIM FOR RELIEF
(SMCRA Violations Related to WV/NPDES Permit Number WV1021028)

234.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 115 supra.

235.    Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

236.    As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material

damage to the hydrologic balance outside of the permit area.

237.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

238.    WV/NPDES Permit Number WV1021028 regulates Hobet's discharges from its Westridge No. 1 Mine (WVSCMRA Permit No. S500404).

239.    On information and belief, Plaintiffs allege that Hobet has violated the effluent limitations in WV/NPDES Permit WV1021028 on one or more occasion since April 5, 2010.

240.    Consequently, Hobet has committed one or more violations of the performance standards incorporated in the regulations under SMCRA.

241.    Because those performance standards are permit conditions, Hobet is also in violation of the terms and conditions of WVSCMRA Permit S500404.

242.    Unless enjoined, Hobet will remain in ongoing and continuing violation of SMCRA.

243.    On information and belief, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of SMCRA as a result of its violations of the effluent limitations in WV/NPDES Permit Number WV1021028 because Hobet has taken no meaningful action to eradicate the underlying cause of the violations.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this court enter an Order:

(1).    Declaring that Defendants have violated and are in continuing violation of the Clean Water Act and SMCRA;

(2).    Enjoining Defendants from operating their facilities in such a manner as will result in further violations of the effluent limitations in their WV/NPDES Permits;

(3).     Ordering Defendants to immediately comply with all effluent limitations, monitoring and reporting requirements, and other terms and conditions of their WV/NPDES Permits;

(4).     Ordering Catenary to immediately comply with all requirements of Order No. 775 and Amended Order No. 1;

(5).     Ordering Defendants to immediately comply with the terms and conditions of their WVSCMRA Permits;

(6).     Ordering Defendants to pay appropriate civil penalties up to $37,500 per day for each CWA violation;

(7).     Ordering Defendants to conduct monitoring and sampling to determine the environmental effects of their violations, to remedy and repair environmental contamination and/or degradation caused by their violations, and restore the environment to its prior uncontaminated condition;

(8).     Awarding Plaintiffs' attorney and expert witness fees and all other reasonable expenses incurred in pursuit of this action; and

(9).     Granting other such relief as the Court deems just and proper.

Respectfully submitted,

**/s/ DEREK O. TEANEY**
DEREK O. TEANEY (W.Va. Bar No. 10223)
JOSEPH M. LOVETT (W.Va. Bar No. 6926)
Appalachian Center for the Economy and the
        Environment
P.O. Box 507
Lewisburg, WV 24901
(304) 645-9006

Counsel for Plaintiffs